**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**EVELYN UMAJINGA-UMAJINGA,**

**Petitioner,**

**v.**

**ARTHUR WILSON, *et al.*,**

**Respondents.**

**Case No. 26–cv–10285–ESK**

**OPINION AND ORDER**

**THIS MATTER** is before the Court on petitioner Evelyn Umajinga-Umajinga's second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Second Petition) (ECF No. 1.) Respondents oppose the Second Petition. (ECF No. 4.)

1. Petitioner is a citizen of Ecuador and entered the United States on or about August 19, 2022. (*Id.* p. 1.)

2. She was encountered at the border and processed for expedited removal. (*Id.*) She was enrolled in the alternatives to detention program and released on September 5, 2022. (*Id.*)

3. On July 22, 2026, Immigration and Customs Enforcement (ICE) took petitioner into custody and detained her without a bond hearing. (*Id.*)

4. An asylum officer conducted a credible fear interview that same day. (*Id.* p. 3.)

5. I denied petitioner's first petition on August 11, 2026 after concluding that noncitizens subject to expedited removal proceedings "shall be detained pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed." 8 U.S.C. § 1225(b)(1)(B)(iii)(IV); *Umajinga-Umajinga v. Venturella*, No. 26–cv–09289 (D.N.J. Aug. 11, 2026) (ECF No. 5.)

6. Petitioner filed her Second Petition on August 13, 2026. (ECF No. 1.)

7. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or

treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

8. Respondents assert that petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(1)(B)(iii)(IV) because she is subject to an order of expedited removal. (ECF No. 4 p. 2; ECF No. 4–2 p. 1.)

9. District courts, with limited exceptions, do not have subject matter jurisdiction "to review … any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1)[.]" 8 U.S.C. § 1252(a)(2)(A)(i).

10. I may only determine whether petitioner is a noncitizen, whether she was ordered removed pursuant to § 1225(b)(1), and whether she "can prove by a preponderance of the evidence that [s]he is" a noncitizen "lawfully admitted for permanent residence, has been admitted as a refugee … or has been granted asylum … ." 8 U.S.C. § 1252(e)(2)(A)–(C); *see also Castro v. United States Dep't of Homeland Sec.*, 835 F.3d 422, 427 (3d Cir. 2016).

11. Review of whether petitioner was ordered removed is limited to "whether an immigration officer issued that piece of paper and whether the [petitioner] is the same person referred to in that order.'" *Castro*, 835 F.3d at 431 (internal quotation marks omitted).

12. The Notice and Order of Expedited Removal has been filled out and signed by an immigration officer and supervisor. (ECF No. 4–2 p. 1.) An expedited removal order becomes final when it has been reviewed and approved by the appropriate supervisor. 8 C.F.R. § 235.3(b)(7). Pursuant to *Castro*, that is the end of my inquiry.

13. I do not have jurisdiction to reach petitioner's arguments that she was improperly detained pursuant to § 1225(b)(1). "Now that there is an administratively final removal order, petitioner's detention claims are not wholly collateral to the removal process; they are inextricably linked to it." *Sangare v. Soto*, No. 26–cv–00758, 2026 WL 575374, at *1 (D.N.J. Mar. 2, 2026) (cleaned up) (citing *Khalil v. President, United States*, 164 F.4th 259, 274 (3d Cir. 2026)); *see also Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 165 (3d Cir. 2018) (noting § 1252(e) stripped district courts of jurisdiction to consider whether an expedited order of removal "is being illegally applied" to noncitizens.)

14. Therefore, I will dismiss the Second Petition and lift any restrictions that were imposed on petitioner's location.

Accordingly,

**IT IS** on this **24th** day of **August 2026** **ORDERED** that:

1. The Second Petition is **DISMISSED**.

2. Any restrictions imposed on petitioner's location by this Court are **LIFTED**.

3. The Clerk shall **CLOSE** this case.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**